**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-CV-1120-STV

WELLS RANCH, LLLP,

    Plaintiff,

v.

ELLINGER & CAPPEL, LLC and
TERRY ELLINGER,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant's Motion for Summary Judgment Regarding Standing [#21] (the "Motion"). The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##7, 8] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **DENIED**.

**I.    UNDISPUTED FACTS**[1]

Plaintiff is a limited liability limited partnership ("LLLP"). [#25-1, SOF3] Defendants are Certified Public Accountants ("CPAs") licensed by the State of Nebraska. [*Id.* at SOF1] Defendants were the CPAs for Plaintiff and prepared tax returns for Plaintiff from 2005 to 2016. [*Id.* at SOF2] Plaintiff, not its partners, contracted with Defendants to prepare Plaintiff's tax returns. [*Id.* at SOF12]

Plaintiff alleges that, throughout the time Defendants acted as Plaintiff's accountants, Plaintiff was entitled to a deduction under the Internal Revenue Code known as the Domestic Production Activity Deduction ("DPAD"). [*Id.* at SOF5] According to Plaintiff's expert, Daniel Soukup, "the Qualified Domestic Production Activity Information [("QDPAI")] that generates the DPAD is calculated and provided as part of the pass-through entity return and must be communicated to all owners through Schedule K-1 reporting." [*Id.* at SOF6 (emphasis omitted)] Mr. Soukup further opines that the "Schedule K-1 is a required schedule in the partnership return, and when provided to partners, must identify all QDPAI necessary to calculate the DPAD (i.e. the tax return for [Plaintiff], as prepared by [Defendant] Ellinger, should have included the QDPAI on Schedule K-1)." [*Id.*]

As an LLLP, Plaintiff does not pay taxes on its level. [*Id.* at SOF8] Rather, it is a pass-through entity and the income and expenses of the business activity pass to its partners so that the ultimate tax is calculated at the level of the partners' personal tax

---

[1] The undisputed facts are drawn from the separate statement of facts filed with the parties' briefing on the Motion. The Court refers to the sequentially numbered facts set forth in Defendants' Reply Regarding Separate Statement of Facts in Support of Motion for Summary Judgment Regarding Standing (the "Statement of Facts") [#25-1] as SOF#.

returns. [*Id.*] Nonetheless, Plaintiff is required to file a tax return with the Internal Revenue Service. [*Id.*] Mr. Soukup opines that without the essential QDPAI, the partners cannot appropriately calculate their respective DPAD. [*Id.* at SOF6] As a result, Mr. Soukup maintains that "it is the responsibility of the entity [in this case Plaintiff] that conducts Qualified Domestic Production Activities to provide the relevant and required information to its owners so that the owners can correctly calculate the DPAD on their individual income tax return[s]." [*Id.* (emphasis omitted)]

On April 17, 2019, Plaintiff initiated the instant action. [#1] The Complaint asserts claims against Defendants for professional negligence and breach of contract. [*Id.*] On February 27, 2020, Defendants filed the instant Motion. [#21] The Motion asserts that because Plaintiff is a pass-through entity, it is the partners—not Plaintiff—that would have benefitted from the DPAD. [*See generally id.*] Thus, according to the Motion, Plaintiff has not suffered an injury in fact and this Court lacks jurisdiction to adjudicate Plaintiff's claims. [*Id.*] Plaintiff has responded to the Motion [#24], and Defendant has filed a reply [#25].

## II.   STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact, which the movant may do "simply by pointing out to the court a lack of evidence . . . on an essential element of the nonmovant's claim" when the movant does

not bear the burden of persuasion at trial. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). If the movant carries its initial burden, the burden then shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial." *Adler*, 144 F.3d at 671 (quotation omitted).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury. *See Anderson*, 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Evidence, including testimony, offered in support of or in opposition to a motion for summary judgment must be based on more than mere speculation, conjecture, or surmise. *Bones v. Honeywell Int'l Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In reviewing a motion for summary judgment, the Court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the non-moving party." *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

**III.    ANALYSIS**

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. CONST. art. III, § 2). "Plaintiffs must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quotations omitted). "Plaintiffs must show they have sustained or are immediately in danger of sustaining some direct injury, and the injury or threat of injury must be real and immediate, not conjectural or hypothetical." *Faustin v. City & Cty. of Denver*, 268 F.3d 942, 947 (10th Cir. 2001). As a result, "[t]o establish standing, plaintiffs must show injury in fact, a causal relationship between the injury and the challenged action of the defendant, and a likelihood that the injury will be redressed by a favorable decision." *Id.*

Here, Defendants challenge the injury-in-fact requirement. [*See generally* #21] Specifically, Defendants argue that because Plaintiff is a pass-through entity, it is the partners—not Plaintiff—that would have benefitted from the DPAD. [*See generally id.*] Thus, according to Defendants, Plaintiff has not suffered an injury in fact and this Court lacks jurisdiction to adjudicate Plaintiff's claims. [*Id.*]

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotations omitted). "[T]he injury must affect the plaintiff in a personal and individual way." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011)

(quotation omitted).  "In essence, standing requires that the 'plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify [the] exercise of the court's remedial powers on his behalf.'" *Michael W. v. United Behavioral Health*, 420 F. Supp. 3d 1207, 1221 (D. Utah 2019) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).

The Court concludes that Plaintiff has established an injury in fact, sufficient to confer standing.  Plaintiff, not its partners, contracted with Defendants to prepare Plaintiff's tax returns.  [#25-1, SOF12]  And Defendants acknowledge that they owed Plaintiff a duty of care.  [*Id.* at SOF 13]  Each breach of that duty of care "is an invasion of legally-protected interests [Plaintiff] enjoy[s]."  *Goldberg ex rel. Jay Peak, Inc. v. Raymond James Fin., Inc.*, No. 16-21831-CIV, 2017 WL 7791564, at * 4 (S.D. Fla. Mar. 27, 2017).

Courts have found standing in similar scenarios.[2]  In *In re Wilshire Courtyard*, a limited liability company ("LLC") formed as the result of a Chapter 11 plan of reorganization for a bankrupt general partnership sought to prevent the California Franchise Tax Board ("CFTB") from imposing taxes upon the individual partners based upon a recharacterization of the tax consequences of the reorganization.  No. CC-10-1275-SaPaKi, 2015 WL 1544681, at *2-3 (B.A.P. 9th Cir. Apr. 7, 2015).  In response, CFTB argued that the LLC "lack[ed] standing because the taxes at issue [were] to be paid

---

[2] The court finds *In re Majestic Star Casino, LLC* ("Majestic Star"), relied upon by Defendant [#25 at 4-5], inapposite.  716 F.3d 736, 763 (3d Cir. 2013).  In *Majestic Star*, the Third Circuit considered whether a subsidiary debtor had standing to challenge the revocation of its tax status by its corporate parent.  *Id.* at 763.  To make that determination, the Third Circuit found that it had to "delv[e] into [the merits of] whether the entity tax status of [the subsidiary debtor] is 'property' and, if so, whether it belongs to [the subsidiary debtor or its corporate parent]."  *Id.* at 749.

6

by the Partners, not the [LLC/reorganized partnership]." *Id.* at *10.  The bankruptcy court rejected CFTB's standing argument, and the Bankruptcy Appeals Panel for the Ninth Circuit (the "Ninth Circuit BAP") affirmed.  *Id.* at *9-10.  The Ninth Circuit BAP explained that the LLC—as successor to the bankrupted partnership—"is the 'person' whose transaction is the subject of the controversy to determine whether income was generated for tax purposes for the partnership" and only after that determination has been made does "the partnership serve[ ] as the conduit through which the income (or loss) is passed through to the Partners."  *Id.* at *10.  The Ninth Circuit BAP thus held that the LLC "has standing to litigate the . . . issues concerning the nature of the [reorganization]" for tax purposes so that it "can properly report such income or losses (or correct previously reported information) to the Partners for inclusion on their tax returns."  *Id.*  Similarly, here, the Court finds that Plaintiff has standing to litigate the accuracy of the QDPAI information provided to the partners on the Schedule K-1s, so that Plaintiff "can properly report such [QDPAI information] (or correct previously reported information) to the Partners for inclusion on their tax returns."  *Id.*

In *Delta Coal Program v. Libman*, the Eleventh Circuit found that a limited partnership had standing to bring a RICO claim on behalf of the co-owners' interests.  743 F.2d 852, 853, 855 (11th Cir. 1984).  According to the Eleventh Circuit, the partnership's "status as representative of the co-owners' interests, combined with its allegations of injury in fact to those interests, suffices to pass the minimal test required for invoking the court's jurisdiction."  *Id.* at 855.  Here, too, Plaintiff represents the partners' interests and has presented evidence that, due to Defendants' actions, those partners lost a tax deduction to which they were otherwise entitled.  [#25-1, SOF11]

In *Almonor v. BankAtlantic Bancorp, Inc.*, the court found that the plaintiff, an ERISA plan member suing the plan provider for breach of fiduciary duty, had adequately alleged an injury in fact for constitutional standing purposes even though the plaintiff had *benefitted* from the defendant's alleged breach of fiduciary duties. No. 07–61862–CIV, 2009 WL 8412125, at *4-5 (S.D. Fla. July 15, 2009).  The court concluded that the defendants "had a legal duty to prudently and loyally manage the Plan and to provide prudent investment options to Plan participants; therefore, their failure to carry out that duty creates an injury-in-fact that is both concrete and specific, as well as traceable to them." *Id.*  So too here, Defendants had a duty to competently prepare Plaintiff's K-1 returns.  If they breached that duty as alleged by Plaintiff, then Plaintiff has suffered an injury in fact that is both concrete and specific, and traceable to Defendants.[3]  Accordingly, Plaintiff has standing to bring its professional negligence and breach of contract claims.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has established its standing to bring the claims alleged in this lawsuit.  Accordingly, the Motion is **DENIED**.

DATED: May 19, 2020                           BY THE COURT:

                                              s/Scott T. Varholak
                                              United States Magistrate Judge

---

[3] Defendants have not challenged the merits of Plaintiff's claims for professional negligence and breach of contract via the instant Motion.